EDWARD F. SANBORN, and ARTHUR E. MANN *vs.* JOSEPH MULLEN, and EMILY N. MULLEN, his Wife.

*Attachment—Judgment by Default—Art. 9, secs. 35–41, of the Code—Act of* 1886, *ch.* 184.

An attachment on original process was issued out of the Baltimore City Court under the Code, (Art. 9, secs. 35-41, inclusive) which requires a writ of summons to be issued against the defendant, "as is usual in actions at law," and directs that the practice and pleadings shall conform, as near as may be, to those under attachments against non-resident and absconding debtors, and that the defendant shall have a right to appear and plead and contest the plaintiff's demands according to the ordinary course of proceedings at law. HELD:

That such attachment is not governed by the Act of 1886, ch. 184, applicable only to Baltimore City, and the defendant is not liable, as therein provided, to a judgment by default at any time after fifteen days from the return day of the writ, unless he files such plea as is required by the Act, and also the affidavit therein mentioned.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, MCSHERRY, and BRISCOE, J.

*John Hinkley,* and *Edward Otis Hinkley,* for the appellants.

*Rufus W. Applegarth,* and *Henry C. Kennard,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

Sanborn and Mann on the sixteenth day of November, 1892, caused an attachment on original process to be is-

Sanborn and Mann *vs.* Mullen.

sued out of Baltimore City Court against Joseph Mullen and his wife. A writ of summons was issued at the same time against both the defendants, which was executed and returned. On the nineteenth of November an appearance was entered for them, and a motion to quash the attachment was filed. A suit on the same causes of action had been brought by the plaintiffs on the fourth day of November, and was pending between the same parties, when the attachment proceeding was instituted. The Court required the plaintiffs to elect which of these suits they would prosecute; and on December 27th the plaintiffs elected to proceed with the attachment, and dismissed the previous suit. On the next day the plaintiffs moved for a judgment by default for want of a plea. The Court overruled the motion for judgment by default and quashed the attachment. The plaintiffs appealed from the order overruling the motion for a judgment by default.

It will be seen that no appeal has been taken from the order which required the plaintiffs to elect. We shall, therefore, express no opinion upon it. The motion for judgment by default was grounded on the provision of the local law of Baltimore, contained in Article 4, sec. 167, Public Local Laws; and if that section is applicable to this case the motion ought to have been granted. The attachment proceeding is authorized by the Act of 1864, chapter 306, now embodied in the Code of Public General Laws, as Article 9, sections 35 to 41 inclusive. It requires a writ of summons to be issued against the defendants "as is usual in actions at law;" and by section 41, it is directed that the practice and pleadings shall conform, as near as may be, to those under attachments against non-resident and absconding debtors. A declaration or short note must be filed expressing the plaintiff's cause of action, and the defendants have a right to appear and plead, and contest the plaintiff's de-

31 v. 77.

mands according to the ordinary course of proceeding at law. If the plaintiff fails to establish his cause of action, the attachment is necessarily quashed. It has always been held that the filing of the declaration or short note is essential to the validity of the attachment. Of course, the defendant's right of defence to the short note is as vital a part of the proceeding as any other. It cannot be taken away; neither can it be restricted or abridged by any embarrassing conditions. In short, it must remain what the statute according to its uniform construction has determined that it should be, until the Legislature sees fit to amend the law. The Act of 1886, chapter 184, established for the City of Baltimore a new practice in certain cases. At any time after fifteen days from the return day of the writ under the circumstances mentioned in the Act the defendant is liable to a judgment by default, unless he files such plea as is required by the Act, and also the affidavit therein mentioned. This Act can by no construction be held to refer in any way to the special proceedings prescribed for attachments on original process. It is not amendatory of the attachment law, and is not to be regarded as incorporated in it. It can have no effect whatever upon the course of practice under it. That must proceed in the accustomed manner, as if this statute had never been passed.

We must affirm the order appealed from.

*Order affirmed.*

(Decided 20th June, 1893.)